UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| KBC ASSET MANAGEMENT NV, on behalf of itself and all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>Kevin Marsh, Gregory E. Aliff, James A. Bennett, John F.A.V. Cecil, Sharon A. Decker, D. Maybank Hagood, Lynne M. Miller, James W. Roquemore, Maceo K. Sloan, Alfredo Trujillo, Jimmy Addison, and Steven Bryne,<br><br>*Defendants*. | Case No. 3:19-1457-MBS<br><br>NOTICE OF REMOVAL FILED ON BEHALF OF NON-FORUM DEFENDANTS ALIFF, MILLER, CECIL, DECKER, SLOAN AND TRUJILLO |

Please take note that, pursuant to 28 U.S.C. § § 1332, 1441, and 1446, Defendants Greg Aliff, Lynn Miller, John Cecil, Sharon Decker, Maceo Sloan, and Al Trujillo hereby remove the above-entitled case from the Court of Common Pleas for the Fifth Judicial Circuit of the State of South Carolina, County of Richland to the United States District Court, District of South Carolina, Columbia Division, on the following grounds:

## INTRODUCTION

1. This dispute, a putative class action, is brought by a former shareholder of SCANA Corporation ("SCANA") alleging that numerous former members of SCANA's Board of Directors ("Board") and certain executive officers of SCANA ("Corporate Officers") breached various duties in relation to the January 2, 2019 merger of SCANA with Dominion Energy, Inc. ("Dominion Energy"). The Complaint also alleges breaches related to the construction of two nuclear reactors in South Carolina that pre-date the merger.

1

2.      A subset of the named Defendants who are not South Carolina residents, Gregory Aliff, Lynn Miller, John Cecil, Sharon Decker, Maceo Sloan, and Al Trujillo (herein after the "Non-Forum Defendants"), hereby remove this action pursuant to 28 U.S.C. § 1441(b) because complete diversity exists among the parties and no properly joined and served defendant is a resident of South Carolina.  Therefore, jurisdiction lies in this Court because this dispute arises between citizens of different States and the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.  *See* 28 U.S.C. § 1332; 28 U.S.C. § 1441; 28 U.S.C. § 1446.

## BACKGROUND

3.      Plaintiff commenced this action on May 6, 2019, by filing a Complaint ("Compl.") in the Court of Common Pleas for the Fifth Judicial Circuit of the State of South Carolina, County of Richland, styled *KBC Asset Management NV v. Marsh*, et al., Case No. 2019-CP-4002522 ("State Court Action").

4.      The Court of Common Pleas for the Fifth Judicial Circuit of the State of South Carolina, County of Richland is located within the jurisdiction of the United States District Court for the District of South Carolina, Columbia Division.

5.      A true and correct copy of the Complaint is attached hereto as Exhibit A-1.  A true and correct copy of the docket sheet in the State Court Action is attached hereto as Exhibit A-2.  There are no other pleadings or orders from the State Court Action.  *See* Exhibit A-2.

6.      No defendant has been served with the Complaint or with any other process, pleadings, orders, or other papers relating to the State Court Action.

7.      The Complaint includes four counts that allege breaches of fiduciary duties, gross mismanagement, and unjust enrichment.  *See* Compl. ¶¶ 205-223.  The factual bases for these allegations relate to SCANA's participation in a project to construct two nuclear reactors in

South Carolina, projects which the Complaint alleges were mismanaged, therefore allegedly causing harm to SCANA shareholders.  The Complaint also alleges breaches related to the merger of SCANA and Dominion Energy, which allegedly harmed SCANA shareholders.

## STATUTORY BASIS FOR JURISDICTION

8.      Removal of this action is proper under 28 U.S.C. § 1441.  The court has jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are completely diverse and the amount in controversy exceeds $75,000.

9.      This notice is filed within one year of the commencement of the State Court Action.  Because none of the defendants has been served with the Complaint, this notice of removal is timely pursuant to 28 U.S.C. § 1446(b).

### A.  There Is Complete Diversity.

10.     As explained below, complete diversity exists because the Defendants are all citizens of various States, and the Plaintiff is a resident and citizen of Belgium.

11.     The Complaint alleges that Defendants Aliff and Miller are citizens and residents of Virginia.  *See* Compl. ¶ 52 (Aliff); Compl. ¶ 59 (Miller).

12.     The Complaint alleges that Defendants Cecil, Decker, and Sloan are citizens and residents of North Carolina.  *See* Compl. ¶ 55 (Cecil); Compl. ¶ 56 (Decker); Compl. ¶ 61 (Sloan).

13.     The Complaint alleges that Defendant Trujillo is a citizen and resident of Georgia. *See* Compl. ¶ 61.

14.     The remaining Defendants—who are not parties to this Notice of Removal—are either residents and citizens of South Carolina, or their residency is not alleged.  The Complaint alleges that Defendants Addison, Bennett, Hagood, Marsh, and Roquemore are all citizens of

South Carolina. *See* Compl. ¶ 51 (Addison); Compl. ¶ 53 (Bennett); ¶ 57 (Hagood); Compl. ¶ 58 (Marsh); Compl. ¶ 60 (Roquemore). The Complaint contains no allegations regarding the residency or citizenship of Defendant Byrne.

15.     Plaintiff KBC Asset Management NV is a Belgian *naamloze vennootschap* ("NV") whose registered office and principal place of business are located in Brussels, Belgium, and whose stock is indirectly wholly owned by another Belgian NV, KBC Group NV.

16.     For purposes of diversity jurisdiction, Plaintiff is a citizen of Belgium. When removing based on diversity jurisdiction, a removing defendant may "offer[] evidence to support its removal of the case, and thereby satisfy its burden to show the existence of federal jurisdiction[.]" *Jones v. Wells Fargo Co.*, 671 Fed. App'x 153, 154 n.* (4th Cir. 2016). *See also* Wright & Miller, Fed. Prac. & P. § 3723 ("The district court's inquiry cannot be limited to the complaint, as it often can be when removal is based on federal-question jurisdiction, because certain matters critical for determining diversity jurisdiction, such as the citizenship of the parties or the amount in controversy, may not appear in the state-court complaint.") The standard by which courts assess corporations' citizenship is identical for domestic and foreign corporations: the corporation's place of incorporation and its principal place of business. *See* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every . . . foreign state by which it has been incorporated and the . . . foreign state where it has its principal place of business[.]").

17.     Because the Defendants are all residents and citizens of various States and Plaintiff is a resident and citizen of a foreign state, complete diversity exists.

### B. The Forum Defendant Rule Does Not Defeat Diversity Because No Defendant Has Been Served With The Complaint.

18.     Where federal jurisdiction is premised on diversity among the parties, § 1441(b)(2) provides that "[a] civil action otherwise removable solely on the basis of [diversity

4

jurisdiction] may not be removed if any of the parties in interest *properly joined and served* as defendants is a citizen of the State in which such action is brought." *See* 28 U.S.C. § 1441(b)(2) (emphasis added).  The "forum defendant rule" thus applies only where a forum defendant is "properly joined and served."

19.    The forum defendant rule "is procedural rather than jurisdictional." *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 152 (3d Cir. 2018), *reh'g denied* (Sept. 17, 2018).

20.    Thus, while the forum defendant rule generally would prohibit removal if a named defendant were a resident of the forum state, federal courts have held that this rule does not apply where a non-forum defendant removes the case before any forum defendant receives service of process.  Where, as here, a defendant who is not a citizen of the forum state, removes an action to federal court on the basis of diversity jurisdiction before service of process on the defendant who is a resident of the forum state (or, indeed, on any defendant), removal is proper. "[N]umerous courts have specifically held that removal of an action with a forum defendant prior to service of either the forum defendant or the removing defendant is proper." *Fisher v. Pelstring*, No. CV 4:09-252-TLW-TER, 2009 WL 10664813, at *4 (D.S.C. Sept. 29, 2009) (citing cases).

21.    The Third Circuit recently held that as long as the jurisdictional requirements are met, the forum defendant rule does not apply before any defendant is "properly joined and served." *Encompass Ins. Co.*, 902 F.3d at 153 (emphasis added).  The Third Circuit explained that this interpretation of the statute (1) "abides by the plain meaning of the text"; (2) "envisions a broader right of removal only in the narrow circumstances where a defendant is aware of an action prior to service of process with sufficient time to initiate removal"; and (3) "protects the

statute's goal without rendering any of the language unnecessary[.]" *Id.* No court of appeals has disagreed with the Third Circuit's plain-meaning interpretation.

22. The District of South Carolina twice has applied the interpretation adopted by the Third Circuit. *See Fisher*, 2009 WL 10664813, at *4 (holding that "a plain reading of § 1441(b) requires a denial of remand" prior to service on the forum defendant or the removing defendant); *see also Wensil v. E.I. Dupont De Nemours & Co.*, 792 F. Supp. 447, 449 (D.S.C. 1992) ("Although the Complaint names numerous South Carolina resident defendants who were not served at the time of removal, their residency is not to be considered for purposes of removal under Section 1441(b)."). *But see In re Lipitor Marketing, Sales Practices, & Products Liability Litigation*, 2016 WL 7338594, at *2 (D.S.C. Nov. 21, 2016) (relying on the so-called "modern trend" before the Third Circuit's *Encompass Insurance* decision).

23. Because no forum defendant has been "properly joined and served" here, removal is proper under § 1441(b).

## C. **The Amount In Controversy Requirement Is Met.**

24. Pursuant to 28 U.S.C. § 1332(a), the amount in controversy exceeds $75,000.

25. Plaintiff's Complaint seeks money damages but does not allege a specific amount in controversy. However, the face of the Complaint indicates that "the worth of the derivative claims could potentially be in the billions of dollars." Compl. ¶ 162. *See also* Compl. ¶ 202 ("The equivalent of assets, the derivative claims belong to the Company and have a value approaching $1 billion."); Compl. ¶ 35 (alleging that the merger "undervalued SCANA while enriching insiders" to the tune of several million dollars).

26. The burden of demonstrating an amount in controversy can easily be met if it is facially apparent from the allegations in the complaint that plaintiff's claims exceed $75,000,

because "[t]he amount in controversy is typically determined by 'the status of the case as evidenced by the plaintiff's complaint.'" *See Lawson v. Tyco Elecs. Corp.*, 286 F. Supp. 2d 639, 641 (M.D.N.C. 2003) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938)).

## **NOTICE REQUIREMENT**

27.     As required by 28 U.S.C. § 1446(d), concurrently with the filing of this Notice of Removal, Defendants are serving a copy of this Notice on Plaintiff's counsel and will file a copy of this Notice in the Court of Common Pleas for the Fifth Judicial Circuit of the State of South Carolina, County of Richland.

For the reasons set forth above, the Non-Forum Defendants respectfully remove the State Court Action to this Court.

Respectfully Submitted,

s/John A. Massalon

John A. Massalon (Federal Bar #05227)
WILLS MASSALON & ALLEN LLC
Post Office Box 859
Charleston, South Carolina  29402
(843) 727-1144
jmassalon@wmalawfirm.net

| | |
|---|---|
| Brian D. Schmalzbach* | John R. Bielema* |
| Brian E. Pumphrey* | Michael P. Carey* |
| MCGUIREWOODS | BRYAN CAVE LEIGHTON PAISNER LLP |
| Gateway Plaza | One Atlantic Center, 14th Floor |
| 800 East Canal Street | 1201 W. Peachtree St., N.W. |
| Richmond, VA 23219 | Atlanta, GA |
| T: (804) 775-1000 | 30309-3471 |
| F: (804) 775-1061 | T: (404) 572-6600 |
| | F: (404) 572-6999 |

Barbara A. Smith*
BRYAN CAVE LEIGHTON PAISNER LLP
One Metropolitan Square
211 North Broadway, Suite 3600
St. Louis, MO 63102
T: (314) 259-2000
F: (314) 259-2020

*Attorneys for Non-Forum Defendants*

*\*Applications for Admission Pro Hac Vice*

*Forthcoming*